UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THADDEUS M. BATISTE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-1136** |
| **MARLIN GUSMAN** | **SECTION: "J"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Thaddeus M. Batiste, a state prisoner, filed this *pro se* and *in forma pauperis*[1] complaint against Orleans Parish Criminal Sheriff Marlin Gusman. In this lawsuit, plaintiff claimed that he was being denied adequate medical care for his chronic illnesses.

The undersigned scheduled a Spears hearing in this matter for April 26, 2007, and sent notice of that hearing to plaintiff and the warden at the Orleans Parish Prison, plaintiff's address of record.[2] The Court subsequently learned that plaintiff was no longer incarcerated at that facility and, therefore, canceled the hearing.[3]

---

[1] Because of his long history of frivolous litigation, plaintiff has in the past repeatedly been denied permission to file further lawsuits in this Court *in forma pauperis*. See 28 U.S.C. § 1915(g). However, because the nature of plaintiff's claim here might arguably bring the instant lawsuit within the "imminent danger" exception of § 1915(g), the undersigned, out of an abundance of caution, granted him pauper status for this civil action.

[2] Rec. Doc. 5.  See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1989).

[3] Rec. Doc. 10.

Local Rule 41.3.1E provides:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

Mail sent by this Court to plaintiff at the Orleans Parish Prison, his address of record, was returned as undeliverable more than thirty days ago, i.e. on April 4, 2007.[4] All subsequent mail sent to plaintiff at that address has also been returned.[5] As noted, staff of this Court has confirmed that plaintiff is no longer incarcerated at that facility, and plaintiff has not notified the Court of his current address.

The Court notes that the complaint plaintiff signed contained the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[6] Because plaintiff has failed to meet that obligation, the Court has no way to advance this case on the docket.

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered

---

[4] Rec. Doc. 6.

[5] Rec. Docs. 8, 11, and 12.

[6] Rec. Doc. 1, p. 5.


to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, mail sent to plaintiff has been returned as undeliverable, the Court has confirmed that he is no longer incarcerated at his address of record, and he has failed to provide the Court with his current address despite acknowledging on his complaint that he was aware of his obligation to do so. Due solely to plaintiff's failure to meet that obligation, this Court has no way to schedule a Spears hearing or to otherwise advance his case.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fourteenth day of May, 2007.



_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**